MAY, WEIL & Co., Plaintiffs in Error, *v.* FRANCIS KLOSS, Defendant in Error.

1. *Practice, Civil — Account, balance of, when treated as an account stated.* — Where defendant acknowledged his indebtedness for a specific sum, being a balance of an account, the court was at liberty to treat it as an account stated, and properly gave judgment for such balance, although the account was not itemized. And where appeal is taken by reason of such objection to an account, this court will award ten per cent. damages against appellant.

### Error to Fifth District Court.

*S. E. Carter*, for plaintiffs in error.

*Grubb*, and *Strong & Chandler*, for defendant in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs commenced a suit against defendant before a justice of the peace of St. Joseph, and filed the following paper as a statement of his claim:

ST. JOSEPH, Mo., ———— —, 1866.

Mr. FRANCIS KLOSS to REITER, STEIL & Co., Dr.

To merchandise.................................................................................:..............$99 25
By credit...........................................................:................................................ 9 25

Balance due.................................................................$90 00

*October* 2, 1866.

Please pay above account to Messrs. D. A. Millington & Co., or order, and accept this for your receipt.           REITER, STEIL & Co.

[Indorsed.] Pay to the order of Messrs. May, Weil & Co.

D. A. MILLINGTON & Co.

Judgment was entered for plaintiff upon the only defense made, "that the plaintiff had no right to sell goods in St. Joseph," and defendant appealed. In the Circuit Court the case was tried by the judge sitting as a jury, and judgment affirmed. At the trial testimony was offered to show that the defendant, when the statement and orders were presented and read to him, admitted them to be correct, and that he owed the balance stated. After the evidence closed, the judge made the following declara-

tion of law, to which defendant excepted: "Plaintiffs ask the court to declare the law to be that if the court, sitting as a jury, believes that the plaintiffs presented the account sued on to defendant for payment, and, after having showed and read to him the assignments made thereon, defendant admitted it to be correct, the plaintiffs can recover a judgment on the same as on an account stated, without being itemized, and should be so rendered for the plaintiff."

We have no fault to find with this declaration of law. If the defendant acknowledged his indebtedness for a specific sum, being a balance of an account, the court was at liberty to treat it as an account stated, and did right in giving judgment for such balance. No objection whatever was made before the justice to the character of the paper filed—no complaint of being misled by it—but only an objection to the right of those with whom he made the account to sell him the goods. For the first time, in the Circuit Court, he raises this very slim technical question, when too late to remedy the omission, if one was had.

A similar question was raised in Busch, etc., v. Deipenbrock (20 Mo. 570), one item of an account filed being "$97.90, being balance of account from 1851." The cause had been dismissed because of the generality of this item, and the court decided it to have been no sufficient ground for dismissal; and Judge Ryland makes some very pertinent remarks upon the attention given in the lower courts to such mere technical and formal questions. This is simply a collection case, and the defense has no merits.

The judgment of the District Court is reversed, and that of the Circuit Court affirmed, with ten per cent. damages. The other judges concur.