————o————

GEORGE P. FUNKHOUSER, Respondent, *vs.* JAMES MALLEN, Appellant.

1. *Practice, civil—Pleadings—Answer—Ejectment—Swamp lands of county— Sheriff, power of, to sell revoked—Defenses.*—The answer in an ejectment suit alleged that plaintiff's deed was made by the sheriff for the land in controversy, sold by him as county swamp land after the county court had revoked his authority to sell it. (Wagn. Stat., 867, § 3.) *Held*, that this was a good defense.

2. *Practice, civil—Pleadings—Ejectment—Answer—Plaintiff's title, denial of— Innocent purchaser for value—Allegations.*—When the answer in an ejectment suit alleges that the deed, under which plaintiff claims, is void, it is not necessary to allege that plaintiff had notice of defendant's title, nor by the omission of such allegation is it admitted that plaintiff is an innocent purchaser for value.

3. *Practice, civil—Pleadings—Allegations.*—Propositions, not contained in the allegations of the pleadings, cannot be considered.

4. *Practice, civil—Supreme Court—Errors of record—New trial, motion for— In arrest, motion for.*—Where the error of the trial court is patent of record, it is not necessary to move for a new trial, but the appellant has a right to have the action of the trial court reviewed on the motion in arrest of judgment.

*Appeal from Clinton Circuit Court*

*William Henry*, for Appellant.

I. Plaintiff had no right to recover as the case stood on the pleadings, it being alleged that the sale to plaintiff was void. (Craft vs. Merrill, 14 N. Y., 456; Durfee vs. Moran, 57 Mo., 374; Durette vs. Briggs, 47 Mo., 356.)

II. The answer did not admit or show a good title in plaintiff.

*J. M. Lowe, J. E. Merryman and T. J. Porter*, for Respondent.

The appellant having failed to file a motion for a new trial, it is now too late to question the acts of the court. (Brady vs. Connelly, 52 Mo., 19.)

SHERWOOD, Judge, delivered the opinion of the court.

Ejectment for certain land in Clinton county. Petition filed in October, 1873.

The answer was a general denial of the allegations of the petition, and, as an additional defense, set forth in substance, that the land in question was purchased in 1855 of the county, as swamp land, by Thos. Rose, who received a conveyance therefor in 1867; that Rose immediately on his purchase took possession and exercised acts of ownership till the day of his death; that in December, 1872, under proceedings instituted for partition by the heirs of Rose, deceased, the land was sold and defendant became the purchaser at $480; received a deed from the sheriff; that by virtue of said deed defendant took, and has remained in, possession ever since, exercising acts of ownership; that, after possession thus taken by defendant, the county court ordered the land in controversy to be sold as swamp land, but

subsequently rescinded such order; that the sheriff was duly notified of such revocation of his authority to sell, but notwithstanding, he, falsely pretending to have authority, sold the land at public sale for a nominal sum to plaintiff, who received a deed from the commissioners of the county, under the direction of the county court, for the tract in controversy, as well as other tracts purchased by plaintiff at the same sale; that the tract in question was, by the inadvertence of the county court, or of the commissioner, inserted in the deed thus delivered to plaintiff; and that, but for the mistake thus occasioned, said tract would not have been inserted in the deed under which the plaintiff claims. All the material allegations of the answer were denied by the reply.

At the trial, the defendant declining to hold under the statute of limitations, the plaintiff verbally moved the court for judgment, on the ground that the answer admitted the plaintiff's title, and set up no defense to the cause of action. This motion was successful, and judgment went accordingly.

The defendant moved in arrest, urging as grounds, that upon the record the judgment was erroneous, and that the answer contained a good defense. This motion was unsuccessful, and defendant has appealed.

The action of the trial court was clearly erroneous; erroneous because the authority of the sheriff to sell having been revoked, as alleged in the answer, the case stood precisely as if the county court had never in the first instance authorized him to sell; his act was therefore void, as it was only by reason of the order of the county court that the sheriff was empowered to act. (Wagn. Stat., 867, § 3.) Under these circumstances it was simply impossible that the plaintiff should occupy the attitude of a purchaser without notice. And it was consequently unnecessary for the answer to allege that the plaintiff had notice of defendant's title; nor did the answer by failing to charge notice on the plaintiff, thereby admit that he occupied the position of an innocent purchaser for value. The silence of the answer on this point is not to be construed as such admission, nor as conceding that the

plaintiff had acquired the title; that was still open to contest, and the trial should have proceeded.

The plaintiff has, however, attempted to take refuge under the provisions of Wagner's Statutes (273, § 4; 876, § 46). Under the first section, "the county court may, by order, appoint a commissioner to sell and dispose of any real estate belonging to their county; and the deed of such commissioner * * * * * shall be sufficient to convey to the purchaser all the right, title, interest and estate which the county may then have in or to the premises so conveyed." By the terms of the second section, above referred to, swamp lands are placed on the same footing as other lands owned by the county, and it is argued, that, although the county court revoked the order made to the sheriff, yet, if after such revocation, it ordered the land to be sold and conveyed the same through its officer to plaintiff, the title thereby passed.

This argument will not bear a moment's criticism, for the answer makes no such allegation. It only alleges, that by mistake, either of the county court or of the commissioners, in preparing the deed, the land in dispute was by mistake inserted.

And the further point, that plaintiff makes in order to uphold the judgment of the court below, that defendant should have moved for a new trial is equally untenable. Advantage of the erroneous ruling made by the trial court might have been taken by moving for a new trial; but this was not the only mode for redress open to the defendant. The error committed being one patent of record, he had a right to have the action of the lower court reviewed on the motion in arrest.

The judgment is reversed and the cause remanded. Judge Vories absent; the other judges concur.