WITTING v. THE ST. LOUIS AND SAN FRANCISCO RAILWAY COMPANY, *Appellant.*

1. **Justice's Court**: APPEAL : WAIVER OF DEFECTS IN SUMMONS. A defendant in a case before a justice of the peace by appealing waives all errors in the summons and its service, *e. g.,* that a copy of the statement filed with the justice was not served on the defendant.

| 101 | 631 |
| --- | --- |
| 43a | 441 |
| 101 | 631 |
| 44a | 273 |
| 101 | 631 |
| 48a | 184 |
| 101 | 631 |
| 112 | 632 |
| 51a | 534 |
| 101 | 631 |
| 117 | 114 |
| 54a | 584 |
| 101 | 631 |
| 122 | 276 |
| 125 | 414 |
| 57a | 139 |
| 57a | 363 |
| 101 | 631 |
| 65a | 527 |
| 66a | 140 |
| 101 | 631 |
| 74a | 249 |
| 101 | 631 |
| 78a | 309 |
| 101 | 631 |
| 81a | 114 |
| 101 | 631 |
| 92a | [1]398 |
| 93a | [8]679 |
| 93a | [4]679 |
| 101 | 631 |
| e94a | [1]165 |

Witting v. The St. Louis & S. F. Ry. Co.

2. ———: PLEADING SUFFICIENCY OF STATEMENT. A statement was filed before a justice of the peace in the form of an account, as follows : "St. Louis and San Francisco Railway Company to Theo. J. Witting, Dr. To damages in negligently breaking soda apparatus shipped May 2, 1884, from Oswego, Kansas, to St. Louis, Missouri, two hundred dollars." *Held* that the statement was sufficient, as it not only informed the defendant of the nature of plaintiff's claim, but a judgment on it would bar another action.

3. **Common Carrier:** NEGLIGENCE, EXEMPTION FROM. While a common carrier may by special contract limit his common-law liability as insurer of goods carried by him, he cannot limit his liability so as to exempt himself from loss or damage occasioned by his own or his servants' negligence.

4. ———: BILL OF LADING : EXEMPTION FROM NEGLIGENCE : BURDEN OF PROOF. Where the bill of lading exempts the carrier from liability for breakage of the goods carried, it is the duty of the carrier, in an action for damage for such breakage, to bring himself in the first instance within the exemption ; the burden of proof is then upon plaintiff to prove the carrier's negligence.

5. **Negligence :** BURDEN OF PROOF. The burden of establishing negligence is on the party who founds his cause of action thereon.

6. ———: QUESTION FOR JURY. The evidence in this case deemed sufficient to authorize the submission to the jury of the question of the carrier's negligence.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

REVERSED AND REMANDED.

*E. D. Kenna* and *Adiel Sherwood* for appellant.

(1) The bill of lading introduced in evidence by the defendant is the express contract under whose terms the shipment was made. *Shelton v. Railroad*, 59 N. Y. 258 ; *Nelson v. Railroad*, 48 N. Y. 498 ; *Moriarty v. Herndon's Express*, 1 Daly, 227 ; *Grace v. Adams*, 100 Mass. 505 ; *O'Brien v. Kinney*, 74 Mo. 125 ; *Wallace v. Matthews*, 39 Ga. 633. (2) The instruction in the nature of a demurrer to the evidence asked at the close of the whole case ought to have been given. (3) Defendant

in producing this special contract had shifted the burden of proof, and was entitled to a verdict unless plaintiff then and thereafter showed that defendant's negligence had supervened and was the proximate cause of the injury. This being true, and there being no evidence of defendant's negligence before the court and jury, the instruction was correct, and it was worse than useless to submit the case. *Kiff v. Railroad*, 32 Kan. 263; *Railroad v. Harper*, 44 Ark. 208; *Heil v. Railroad*, 16 Mo. App. 370; *Express Co. v. Perkins*, 42 Ill. 459; *Bradstreet v. Heran*, 2 Blatch. 117; Abb. on Ship. [Story's Ed.] 216; *The California*, 2 Sawy. 12; Hutch. Car., secs. 767, 768; *Whitworth v. Railroad*, 87 N. Y. 413; *Railroad v. Talbot*, 39 Ark. 523; *Railroad v. Corcoran*, 40 Ark. 375; *Railroad v. Hally*, 25 Kan. 35; *Muser v. Holland*, 17 Blatch. C. C. 412; *Carey v. Atkins*, 6 Ben. 562; *Witting v. Railroad*, 28 Mo. App. 103. (4) A demurrer to the evidence, or an instruction in the nature of a demurrer, should always be sustained when negligence is not shown. *Kiff v. Railroad*, 32 Kan. 263; *Morrison v. Construction Co.*, 19 Am. Railroad Repts. 312; *Express Co. v. Perkins*, 42 Ill. 459. (5) And the fact that goods or wares are broken or damaged in transit is not proof of negligence and raises no inference of negligence, and from it negligence cannot be presumed. *Harvey v. Railroad*, 6 Mo. App. 585; *Lamb v. Railroad*, 7 Allen, 98; *Ward v. Andrews*, 3 Mo. App. 277; *Nolan v. Shickle*, 3 Mo. App. 304, 305. (6) For the presumption that every man does his duty runs in favor of the carrier. *Farnham v. Railroad*, 55 Pa. St. 53; *Waldron v. Railroad*, 8 Barb. 394; *Lord Halifax Case*, Bull. N. P. 298; *Hartwell v. Root*, 19 Johns. 345. (7) The carrier is not liable for the defective manner in which goods are secured or packed for shipment, nor for inherent defects in the goods themselves. *Railroad v. Richardson*, 41 L. J. & C. P. 60; *Barbour v. Railroad*, 34 L. T. N. S. 67. (8) The

motion to dismiss should have been sustained. There was no service of a copy of the complaint upon defendant. The summons does not apprise defendant of "the nature of the suit," and is not a "statement of the facts constituting the cause of action and the amount or sum demanded." Laws, 1883, p. 104; *Hill v. Railroad*, 90 Mo. 105, 106; *Gates v. Eastland*, 89 Mo. 13; *Haley v. Railroad*, 80 Mo. 112; R. S. 1879, sec. 2858. (9) The so-called petition filed before the justice states no fact. This defect was called to the court's attention in the motion to dismiss, and again before any evidence was introduced. It does not advise defendant of the nature of the claim, and without proof *aliunde* would not bar another action. R. S. 1879, sec. 2852; *Railroad v. Robinson*, 35 Ind. 380; *Railroad v. Weaver*, 34 Ind. 298; *Butts v. Phelps*, 79 Mo. 302; *Swartz v. Nicholson*, 65 Mo. 508; *Brashears v. Strock*, 46 Mo. 221; *Casey v. Clark*, 2 Mo. 11; *Field v. Railroad*, 76 Mo. 614; *Ensworth v. Barton*, 60 Mo. 511; *Ward v. Farrelly*, 9 Mo. App. 370; *Scott v. Robards*, 67 Mo. 289; *Harrison v. Railroad*, 74 Mo. 369; *Gurley v. Railroad*, 93 Mo. 450; *Waldheir v. Railroad*, 71 Mo. 515.

*Davis & Davis* for respondent.

BLACK, J.—This suit was commenced before a justice of the peace by filing the following account: "St. Louis and San Francisco Railway Company to Theo. J. Witting (formerly Reichenbach), Dr. To damages in negligently breaking soda apparatus shipped May 2, 1884, from Oswego, Kansas, to St. Louis, Missouri, two hundred dollars."

The justice gave judgment by default, and thereafter the defendant appealed to the circuit court, where, upon a trial anew, the plaintiff again recovered judgment, and the defendant appealed to the St. Louis court of appeals. That court reversed the judgment, and remanded the cause for error in the instructions. The

cause was then certified to this court because one of the judges deemed the decision in conflict with prior decisions of this court.

1.   In the circuit court the defendant moved to dismiss the cause because the justice had no jurisdiction over the person of the defendant, and hence the circuit court had no jurisdiction.   The only specific reason assigned in the motion is that a copy of the complaint filed before the justice was not served on the defendant. It does not appear by the constable's return that he served the defendant with a copy of the complaint, as seems to be provided for by section 2865 of Revised Statutes, 1879, as amended by the act of March, 1883. Acts of 1883, p. 104.   The defendant, however, by suing out an appeal, waived all errors and defects in the original summons and in the service thereof, and, for this reason, the motion to dismiss was properly overruled.   *Fitterling v. Railroad*, 79 Mo. 504.

2.   The defendant objected to the introduction of any evidence because the statement filed with the justice disclosed no cause of action.   The statement not only advised the defendant of the nature of the plaintiff's claim, but a judgment upon it would bar another action for the same demand, and the statement is, therefore, all that the law requires.   *Butts v. Phelps*, 79 Mo. 302.

3.   On the trial in the circuit court, the plaintiff produced evidence showing that he acquired the soda fountain, which was made of Italian marble, from one Kingsbury, at Oswego, in the state of Kansas; that the apparatus was packed in a crate, and, when so packed, was received by the defendant's agent at the last-named place for shipment to St. Louis.   When plaintiff received it from defendant, one side of the crate was broken.   The fountain had been placed in the center of the crate, with inside braces on each side, and on the top, to keep it in place.   Of these inside braces, one was broken, and the others out of place.   The pieces of

marble forming the fountain were all broken except one side piece. With this evidence the plaintiff closed his case.

The evidence produced by defendant tends to show, that the apparatus, when received at Oswego, was packed on the inside of a crate; that the outside packing appeared to be secure, but the inside packing could not be seen; that the crate was placed in a car with care, with no other freight near it. The trainmen say the car received no rough or unusual handling; that there was no unusual jarring or jolting, and that the car came through without accident. The car was not opened while in transit. The loading clerk at St. Louis says: "Found the crate standing upright near the car door, in good shape; the boards were not broken. Could see inside the crate through the slats; marble was cracked on two sides; myself and men put it down carefully on the warehouse floor; the crate had the appearance of being second-hand, and did not fit the fountain; it was too large; the crate itself was in good order and not broken."

Kingsbury, the consignor, says the apparatus was fastened together with screws; the screw holes were drilled in the marble and the holes filled with lead or other metal and threads for the screws cut in the metal; the screws went through the outside slabs into the ends of the inside slabs; the fountain was old, and the screw holes worn. "I frequently plugged the holes with wood, so that the screws would not slip out; do not remember whether or not I plugged the screw holes just before I shipped the apparatus."

Defendant put in evidence the bill of lading, which recites the receipt of the property "in apparent good order," and contains, among others, this condition: "Marbles at owner's risk of breakage."

At the request of the plaintiff, the court instructed the jury that if they believed the apparatus, when delivered to defendant, "was in good order, that is to

say, not broken, and it was properly packed for such shipment, and that the same was delivered in St. Louis in an injured and broken condition, then the law presumes that such damage and injury was occasioned through the fault of the defendant; provided, also, the jury believe and find that, by the exercise of ordinary care on the part of defendant's employes handling its trains and handling the said soda apparatus, the same could be carried and delivered to the consignee in the same condition it was in when defendant received it.''

And the court, of its own motion, gave this instruction : "The court instructs the jury that the plaintiff is not entitled to recover unless he has shown, by a preponderance of the evidence, direct and circumstantial, that the injury complained of was occasioned by the negligence of the defendant, its servants, agents or employes, and the court further instructs you that the burden of proving negligence rests upon the plaintiff.''

It must be taken now as the settled law that a common carrier may, by a special contract, limit his common-law liability as insurer of property intrusted to him for transportation against loss or damage. It is equally well settled that he cannot limit his liability so as to free himself from loss or damage occasioned by his negligence or that of his servants. When this case went to the jury it stood as a conceded and undisputed fact that the goods were shipped under the special contract which exempted defendant from liability for breakage; so that the issue of fact was whether the soda apparatus was broken by reason of negligence on the part of the defendant or its servants. The instruction given by the court, of its own motion, places the burden of proof of this issue on the plaintiff. The instruction given for the plaintiff places the burden of proof upon the defendant, after the jury have reached the conclusion that the soda apparatus was properly packed and delivered to the plaintiff in good condition, and was delivered to the consignee in a broken

condition. The objection that these instructions are inconsistent need not be considered. The real question presented is, upon whom did the burden of proof on the issue of negligence rest when this case went to the jury?

Upon this question the authorities are in direct conflict. On the one hand it is held that when the common carrier relies upon a contract exemption, he must bring himself within the exemption, and that he does not do this by simply showing that the goods were lost or destroyed or injured by the excepted peril or accident, but that he must go further and show that he was free from any negligence contributing to the loss or injury. The following are some of the cases which support this doctrine : *Brown v. Express Co.*, 15 W. Va. 812 ; *Berry v. Cooper*, 23 Ga. 543 ; *Railroad v. Moss*, 45 Am. Rep. 428 ( 60 Miss. 1003 ); *Graham & Co. v. Davis & Co.*, 4 Ohio St. 362 ; *Union Express Co. v. Graham*, 26 Ohio St. 595. The same doctrine was asserted by this court in *Levering et al. v. Union Trans. & Ins. Co.*, 42 Mo. 89, and in the subsequent case of *Ketchum v. Express Co.*, 52 Mo. 390. The question arose in the first of these cases on a bill of lading for the shipment of cotton, containing the words, "at owner's risk of fire." Judge WAGNER, speaking for the court, said it devolved upon the defendant to show, notwithstanding the exception from liability stated in the contract, that the accident did not occur through any fault, want of care, or negligence on the part of defendant or its agent.

By the other line of authorities it is held to be sufficient for the carrier to show that the loss or damage was occasioned by some accident or peril, from liability for which he is exempted, either by his contract or by law ; and that he is not required to go further and show in addition that he was free from negligence contributing to the loss or damage. The following are some of the cases which assert this doctrine. *Lamb v. Railroad*, 46 N. Y. 271 ; *Whitworth*

*v. Railroad,* 87 N. Y. 413 ; *Farnham v. Railroad,* 55 Pa. St. 53 ; *Patterson v. Clyde,* 67 Pa. St. 500 ; *Railroad v. Talbot & Co.,* 39 Ark. 526 ; *Railroad v. Reeves,* 10 Wallace, 176 ; *Read v. Railroad,* 60 Mo. 199 ; *Davis v. Railroad,* 89 Mo. 340.  Observations made in *Wolf v. Express Co.,* 43 Mo. 422, are in line with the cases just cited, but the question of the burden of proof did not fairly arise in that case.  It did, however, arise in the case of *Read v. Railroad, supra.*  In that case the potatoes were shipped at owner's risk of freezing.

On the subject of the burden of proof this court, speaking by WAGNER, J., said : "Where the loss occurs from any of the causes excepted in the undertaking, the exception must be the proximate cause of the loss, and the sole cause.  And where the loss is attributable to such cause, still, if the negligence of the carrier mingles with it as an active and co-operating cause, he is responsible.  When the loss of the goods is established, the burden of proof devolves upon the carrier to show that it was occasioned by some act which is recognized as an exemption.  This shown, it is *prima facie* an exoneration, and he is not required to go further and prove affirmatively that he was guilty of no negligence.  The proof of such negligence, if negligence is asserted to exist, rests on the other party."

This quotation has been made for the purpose of showing that the court then abandoned the rule concerning the burden of proof laid down in the prior cases of *Levering et al. v. Union Trans. & Ins. Co., supra,* and *Ketchum v. Express Co., supra.*  There can be no doubt but the earlier cases were overruled on the point we are considering.  They cannot stand as law in the face of the quotation we have made.  Seventeen years later the principle of law asserted in *Read v. Railroad* was applied in *Davis v. Railroad, supra.*

It must, therefore, be taken as the established law of this state that, when the cause of action stands on the ground of negligence on the part of the carrier, the

burden of proof is upon the plaintiff. The authorities cited are not all agreed as to the ground upon which the rule stands. The true reason it seems to us is, that negligence is a positive wrong, and will not be presumed, though it may be inferred from circumstances. When the carrier brings himself within the exception he need go no further to relieve himself from his liability as insurer. The party who founds his cause of action upon negligence must be prepared to establish the assertion by proof. If the cause of action stands on negligence of the carrier, and not on the common-law liability of the carrier as an insurer, the burden of proof is upon the plaintiff from the beginning to the end of the case. We do not see that there is anything so unreasonable in the rule, as some courts seem to think, when it is remembered that by the common law the common carrier is regarded as an insurer of the safety of the goods against all losses except such as are caused by the act of God or the public enemy. He may contract against this liability as an insurer, but he cannot contract against his negligence or that of his servants. Though the goods may be carried under a special contract relieving him from the liability of an insurer, still he is none the less a common carrier; and the question of negligence is to be determined in the light of the fact that he is a common carrier, and of the duties which he has assumed to perform. He is bound to use due care in the transportation of goods, regardless of any common-law liability as an insurer. *Railroad v. Lockwood*, 17 Wall. 357; *Bank of Kentucky v. Express Co.*, 93 U. S. 177.

It follows from what we have said that the court erred in the instruction given at the request of the plaintiff; for, the cause of action standing as it did upon negligence when it went to the jury, the burden of proof was upon the plaintiff. That is to say, it devolved upon the plaintiff to satisfy the minds of the jurors from the evidence, taken as a whole, that the

negligence of defendant caused the damage complained of, or was an active, co-operating cause in producing the damage.

4. It is further insisted that the court erred in refusing to give defendant's instruction, at the close of all the evidence, in the nature of a demurrer thereto. This raises the question whether there was evidence tending to show negligence on the part of the defendant or its servants. If there was, then the demurrer was properly overruled.

There is evidence tending to show that the fountain was properly packed, and was delivered to the defendant in good order. It was badly broken when placed in the defendant's warehouse at St. Louis. The evidence of plaintiff and his brother is, that the crate was then broken on one side, and that one of the inside stays was broken and the others out of place. All this tends to show want of care on the part of defendant. Had the plaintiff brought this suit in the circuit court by declaring on the contract, setting out its provisions, and founding his case on negligence only, we think the evidence would have entitled him to go to the jury. It will not do to say the evidence shows no more than the simple fact that the apparatus was broken. The very circumstances which disclose this fact tend to show very great negligence on the part of the defendant. It is enough for the plaintiff to disclose circumstances sufficient to raise a fair inference of negligence. We can say with safety that such a breakage does not ordinarily occur where the property is transported with due care. There is an abundance of evidence to entitle the plaintiff to go to the jury on the issue of negligence, and especially is this so, since the means of showing how the accident occurred is with the defendant and not the plaintiff.

The judgment of the St. Louis court of appeals is affirmed. All concur.