44  271
70  502

SAMUEL LUSTIG, Respondent, v. MORRIS COHEN, Appellant.

St. Louis Court of Appeals, March 24, 1891.

1. **Justices of the Peace:** SUFFICIENCY OF STATEMENT. An account, filed with a justice of the peace as the basis of a cause of action, is not so fatally defective as to be incapable of amendment, when it consists merely of the item " To balance for services rendered as traveling salesman, $64.15."

2. ————: SUFFICIENCY OF STATEMENT TO WARRANT A RECOVERY UPON AN ACCOUNT STATED. In a proceeding commenced before a justice of the peace, a recovery may be had upon the theory of an account stated, though the account filed as the basis of the action does not contain any allegation that the defendant had promised to pay said balance.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Montague Lyon,* for appellant.

The amended statement filed by the respondent was insufficient. R. S. 1889, secs. 6138 and 6139; *Nutter v. Houston,* 32 Mo. App. 451, and cases cited; *Rosenburg v. Boyd,* 14 Mo. App. 429; *Hill v. Ore & Steel Co.,* 90 Mo. 103; *Sturdy v. St. Charles, etc., Co.,* 33 Mo. App. 44.

*J. H. Trembly,* for respondent.

(1) Even if the original statement was not sufficient, it was not error to overrule the appellant's motion to dismiss the case, and grant respondent leave to file a sufficient amended statement. R. S. 1889, sec. 6347, and numerous authorities cited in note thereto. (2) The amended statement is sufficient. It stands the test, viz.: It apprises appellant of the nature of respondent's

demand, and is definite enough to bar another action for the same subject. *Sturdy v. St. Charles, etc., Co.*, 33 Mo. App. 44; *Fleischmann v. Miller*, 38 Mo. App. 177; *Witting v. Railroad*, 101 Mo. 631. ( 3 ) As an account stated, the statement is sufficient beyond a doubt, and while respondent does not consider it necessary to its sufficiency to regard it as an account stated, still the court is at liberty to so treat it. *Busch v. Diepenbrock*, 20 Mo. 569; *May v. Kloss*, 44 Mo. 300.

ROMBAUER, P. J.—The plaintiff filed before a justice the following statement, purporting to be a statement of his cause of action :

"*M. Cohen & Co.*

"To Samuel Lustig :

"To balance for services as traveling salesman, $64.15."

In the circuit court the defendant objected to the introduction of any evidence on behalf of plaintiff on the ground that the above statement was an insufficient statement of a cause of action under the statute. The plaintiff thereupon asked and obtained leave to file the following as an amended statement :

"ST. LOUIS, December 9, 1889.
"*M. Cohen & Co.*

"To Samuel Lustig, Dr.:

"To balance, for services rendered as traveling salesman for M. Cohen & Co. between July 1, 1889, and November 1, 1889, as per contract and agreement, $64.15."

When this amended statement was filed, the court asked the defendant whether he claimed any suprise, and the defendant answered no, but that he claimed that the original statement stated no cause of action whatever, and was incapable of being amended, and that the amended statement was likewise insufficient. The parties thereupon went to trial on the amended

statement before a jury, and the jury returned a verdict for plaintiff for the amount claimed and interest.

The defendant, appealing, assigns for error the action of the court in permitting the amendment, the refusal of the court to adjudge the amended statement insufficient, and the misdirection of the jury by the giving of erroneous instructions upon plaintiff's request.

It appeared in course of the trial that the defendant was fully prepared by his evidence to meet the plaintiff's claim, and that the controversy before the justice and in the circuit court was touching the same subject-matter. However indefinite the statement filed before the justice was, it yet was a statement advising the defendant of the charge he was called upon to meet; it was more than a mere conclusion of law, such as, in *Brashears v. Strock*, 46 Mo. 221, was held to be incapable of amendment. It is a much better statement than the one, which, in *Butts v. Phelps*, 79 Mo. 302, was held amendable under the present statute. In conformity with the ruling in that case we must hold that the court did not err in permitting the amendment. The amended statement was clearly sufficient. *Witting v. Railroad*, 101 Mo. 631.

The only witnesses upon the trial were the parties themselves. The plaintiff testified that he entered into a contract with the defendant in June, 1889, whereby he was to sell for the defendant $10,000 worth of goods for a consideration of $500, and, if he sold more than that amount before the expiration of the year, he was to be allowed a commission of five per cent. on the excess; that he was at liberty to quit at any time after selling $10,000 worth; that, prior to November 1, 1889, he had sold over $10,900 worth, and called upon the defendant for a settlement, who admitted that $114.15 was then due to the plaintiff on his contract; that defendant then paid him $50, leaving a balance of $64.15 which he demanded, and for which he sues.

The defendant's version of the contract was different. He claimed that he engaged the plaintiff as a traveling salesman for a stated period of six months at a compensation of $500, and that the plaintiff left his employment prior to the expiration of that time without sufficient cause, having overdrawn his account, up to the period of his leaving, to the amount of $150. This sum the defendant sought to recover by way of counter claim. The claim made by both parties was submitted to the jury on appropriate hypothetical instructions, and the jury's finding precludes any inquiry into the weight of the evidence.

The only assignment which is entitled to any serious consideration is, that the court erred in submitting to the jury the question as to whether the plaintiff was entitled to recover as upon an account stated. This was done by the following instruction which is complained of: -

"The court instructs the jury that, if they believe from the evidence that, on or about November 22, 1889, defendant was indebted to plaintiff for services theretofore rendered to defendant as traveling salesman, the exact amount of which was then not ascertained between plaintiff and defendant, and that, on or about said November 22, 1889, plaintiff and defendant had an accounting and settlement between themselves, and that it was then found and agreed between them that $114.15 was due plaintiff, and that only $50 thereof has since been paid, then you will find for plaintiff, and assess his damages at the sum of $64.15. with six-per-cent. interest per annum from December 9, 1889."

The defendant contends that this instruction was not warranted by the pleadings and evidence. We said in *Newberger v. Friede*, 23 Mo. App. 634: "The theory of an account stated is, that the parties have accounted together, agreed upon a balance, and that the debtor has promised to pay it; and accordingly it is necessary for the plaintiff, in declaring upon an account stated *in*

*a court of record*, to allege that the defendant promised to pay the balance so found to be due." As this action was brought before a justice of the peace, where formal pleadings are not required, the allegation of a promise to pay was not essential, and the statement was sufficient to warrant a recovery as upon an account stated. *May v. Kloss*, 44 Mo. 300. There was substantial evidence of the statement of the account under the decision last above quoted, and, under the intimation made in *Brown v. Kimmel*, 67 Mo. 430, the instruction was warranted.

All the judges concurring, the judgment is affirmed.