PETER BAUER, Respondent, v. M. BARNETT, Appellant.

St. Louis Court of Appeals, November 10, 1891.

1. Justices' Courts: SUFFICIENCY OF THE STATEMENT OF THE CAUSE OF ACTION. The statement of a cause of action in a suit instituted before a justice of the peace is sufficient, if it advises the defendant of the nature of the cause of action, and is sufficiently definite to bar another action for the same matter.

2. Practice, Appellate: FAILURE OF APPELLANT TO FILE MOTION FOR NEW TRIAL IN TIME. If an appellant fails to file a motion for new trial within the requisite time, only errors which appear on the face of the record proper can be noticed on the appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Wm. P. Macklin* and *Jno. B. Dempsey*, for appellant.

*C. A. Schnake*, for respondent.

BIGGS, J.—This case originated before a justice of the peace in the city of St. Louis. On the defendant's application there was a change of venue to another justice. On the trial the defendant had a judgment, and on the day of trial the plaintiff took an appeal to the circuit court. The appeal was taken on the fourteenth day of July, 1890, and the papers were filed with the clerk of the circuit court on the nineteenth day of July following. There is no record entry concerning the case at the October term of that court following the appeal. On the ninth day of February, 1891, at the February term of the circuit court, the case was called

for trial. The defendant failed to appear, and a judgment by default was taken against him. Upon an inquiry of damages, the judgment was made final. The motion for a new trial was filed eleven days after the final judgment was entered.

The defendant's motion for a new trial was filed out of time. In such a case we can only notice errors which may appear on the face of the record proper. *Bagby v. Emberson*, 79 Mo. 139 ; *Funkhouser v. Mallen*, 62 Mo. 555.

The defendant challenges the sufficiency of the statement upon which the action was brought. The statement filed before the justice reads :

"*M. Barnett, to Peter Bauer, Dr., 1211 S. Third Street.*

"To amount paid him in cash, $6, and the value of a silver watch, $10, handed him , all to be the price of a silver watch bought of him, and warranted to be a good timepiece, and which proved to be the contrary ................................ $16 00."

The rule is that the statement filed for suit before a justice of the peace is sufficient, if it advises the defendant of the nature of the action, and is sufficiently definite to bar another action for the same matter. Under the very liberal rulings of our courts the statement, which we have here, is sufficient. Much more indefinite statements have passed muster, both in this court and the supreme court.

It is also claimed by the defendant that the judgment cannot stand, because the circuit court had no jurisdiction by reason of some informality in the application for the change of venue. This objection is unusual and hard to comprehend, when it is considered that the change of venue was on the defendant's application, and the record shows that he appeared before the justice, to whom the case had been sent, and defeated the

plaintiff in his action.    There is no merit in such a con-
tention.    Neither is there anything in the claim that
the defendant was entitled to notice of appeal.    If it
were permissible for us in the present state of the record
to pass on the question, it would only be necessary to
refer to the statute.    R. S. 1889, sec. 6342.    When an
appeal is taken from a justice on the day of trial, no
notice of appeal is required.    We only refer to this last
point to show that this appeal is frivolous and destitute
of any merit.

The judgment will be affirmed with ten-per-cent.
damages as requested by plaintiff.    All the judges
concur.