WILLIAM HECK, Respondent, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1892.

Common Carrier: EVIDENCE OF NEGLIGENCE: FOR A JURY: ONUS.
That a machine was delivered to the carrier in good condition, well
and securely packed, and was by it after transportation delivered back
to the shipper with legs broken, is circumstantial evidence from which
a reasonable inference of negligence on the carrier's part may be drawn,
and should go to the jury for consideration with the carrier's testimony
as to the care taken; and this, too, though the *onus* is on the shipper
throughout the trial to prove the carrier's negligence.

*Appeal from the Moniteau Circuit Court.*—HON. E. L.
EDWARDS, Judge.

AFFIRMED.

*H. S. Priest* and *Wm. S. Shirk*, for appellant.

(1) By the introduction of the special contract of
shipment in evidence, the burden of proof was shifted,
and defendant was entitled to a finding in its favor,
unless the plaintiff then introduced evidence of negli-
gence on defendant's part, causing the breakage of
the machine. *Witting v. Railroad*, 101 Mo. 631, and
authorities cited; *Read v. Railroad*, 60 Mo. 199; *Davis
v. Railroad*, 89 Mo. 340; *Witting v. Railroad*, 28 Mo.
App. 103, and authorities cited. (2) The plaintiff is
not entitled to recover, under any view of plaintiff's
case, as stated by himself. *Carroll v. Railroad*, 16
S. W. Rep. 889.

*L. F. Wood*, for respondent.

It is sufficient for the shipper to show that the
damage could have been avoided by the use of ordinary

care by the carrier, and when that is shown it devolves upon the carrier to show that the loss was caused by some act which is recognized as an exception; otherwise it will be taken as a loss caused by its want of ordinary care and attention. *Read v. Railroad*, 60 Mo. 206; *Wolf v. Express Co.*, 43 Mo. 426.

ELLISON, J.—Plaintiff sued defendant for breaking and damaging a certain leather-splitting machine. Judgment was given for plaintiff on a trial without a jury, and defendant appeals.

It appears from the testimony, or, to be more accurate, there was testimony going to show, that the machine was delivered to defendant for shipment in sound condition and well and securely packed, and that it arrived at its destination with the legs broken. There was a special contract exempting defendant from liability in certain instances named, and we will assume that such exemption included machinery such as this was. We will also assume as true, a matter about which there was contention between the parties, that the letters indorsed on the freight contract were "O. R.," and that such letters meant at the "owner's risk," and were so known to plaintiff. Defendant offered evidence going to show that the car in which the machine was placed was properly and carefully handled; that it received no rough handling, and that no accident happened to it. The case then is left to stand with the *onus* on plaintiff throughout and with the testimony above stated; and the only question is, does it make such a case as should be submitted to the triers of the facts? We answer this in the affirmative. When the plaintiff delivered the machine to defendant in good condition, well and securely packed, and it was delivered by defendant at St. Louis, with the legs broken, it was circumstantial evidence from which a reasonable inference of negli-

gence on defendant's part while the machine was in its charge as a carrier could be drawn. It was evidence for the court (trying the case as a jury) to consider in connection with the defendant's testimony as to the care taken, etc. That consideration has resulted in plaintiff's favor, and we do not feel authorized to disturb it. This case is similar (though stronger for this plaintiff) to the case of *Witting v. Railroad*, 101 Mo. 631. As stated in that case the *onus*, in cases of this sort, is on the plaintiff throughout the trial to prove the negligence of defendant; and, though such negligence will not be presumed, it *may be inferred* from circumstances legitimately appearing in the case. The judgment is with the concurrence of all affirmed.