SCOTT T. HAYNES, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1893.

1. **Justice's Court:** PLEADING: STATEMENT: NEGLIGENCE. A statement in a justice's court which is sufficient to bar another action is good, though the allegation of negligence is, that there was a defective car with defective slats.

2. **Evidence:** OPINION OF WITNESS HARMLESS. The opinion of a witness as to how long a horse had been down in the car is harmless error in this case.

3. **Appellate Practice:** EVIDENCE: VERDICT: PROOF OF NEGLIGENCE. The evidence in this case reviewed and considered sufficient, since the jury found a verdict on it and the trial court refused to set it aside. Proof of negligence need not be by direct testimony, but may be inferred from facts and circumstances.

4. **Carriers:** SAFE VEHICLES: SPECIAL CONTRACT. The carrier must furnish vehicles to safely carry on his business of transportation, and public policy will not permit him to make a contract exonerating himself for a failure to do so.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Geo. S. Grover*, for appellant.

(1) The general allegation of defects in the car, upon which a recovery was permitted, was insufficient to authorize an instruction or to support a verdict in plaintiff's favor. *Gurley v. Railway*, 93 Mo. 445. (2) The witnesses were allowed to usurp the province of the jury, by giving opinions and drawing conclusions therefrom wholly unwarranted by any testimony in the case. *Muff v. Railroad*, 22 Mo. App. 584; *Russ v. Railroad*, 20 S. W. Rep. 472. (3) There was a complete failure of proof, as the car was not shown to be defective, nor was any negligent management of the train proved, nor was it shown that the injury received was occasioned by either cause. In such a case, no presumption of negligence arises from the mere fact of an accident followed by an injury. *Yarnell v. Railroad*, 21 S. W. Rep. 1. And the burden of proving such negligence was upon the plaintiff. *Witting v. Railroad*, 101 Mo. 631. (4) The contract in evidence is a perfect defense to this action. *Halliday v. Railroad*, 74 Mo. 159; *McFadden v. Railroad*, 92 Mo. 343; *Conover v. Express Co.*, 40 Mo. App. 173; *Rogan v. Railroad*, 51 Mo. App. 674.

*W. D. Hamilton*, for respondent.

(1) No formal pleadings are required in actions commenced before a justice of the peace. If it informs defendant of nature of plaintiff's claim and would bar another action, it is sufficient. *Witting v. Railroad*, 101 Mo. 631. (2) The question of defendant's negligence

in permitting the horse to remain down in the car was not submitted to the jury and the opinion of the witnesses as to how long he was down could not have had any effect on their verdict. (3). It is the duty of a common carrier to furnish cars suitable in every respect, including strength and mode of construction, for the property they undertake to carry. *Brown v. Railroad*, 18 Mo. App. 568; *Potts v. Railroad*, 17 Mo. App. 394. (4) While the burden of proof is on plaintiff to prove negligence, yet such negligence may be shown by circumstances. *Hance v. Express Co.*, 48 Mo. App. 179; *Witting v. Railroad*, 101 Mo. 631. (5) The contract in evidence is no defense to plaintiff's action. All oral negotiations between shipper and carrier are merged in the written contract. This is a written contract between the shipper and C. R. I. & P. R'y Co., for the shipment of a car-load of horses at a reduced rate from Clyde, Kansas, to Gallatin, Missouri, and not to St. Louis. It does not contemplate the employment of any connecting line. *McFadden v. Railroad*, 92 Mo. 343; *Halliday v. Railroad*, 74 Mo. 159.

ELLISON, J.—Plaintiff recovered a judgment in the court below against defendant for an injury to his horse, the injury occurred by reason, as alleged by plaintiff, of a defective car in which the animal was shipped from Gallatin to St. Louis.

The statement of plaintiff's cause of action is objected to for the reason that it makes a general allegation of negligence without specifying any particular act of negligence. The case was begun before a justice of the peace. The statement is quite sufficient to bar another action for the same cause, and being so, we hold it good; the negligence mentioned in the statement was a defective car with defective slats. *Witting v. Railroad*, 101 Mo. 631.

The fact that a witness was permitted to state his opinion as to how long the horses must have been down in the car could have resulted in no possible harm to defendant. The damage done to the horse far exceeded the amount of the verdict, as shown by the undisputed testimony.

The only question that has given us any trouble is that in regard to the sufficiency of the evidence to establish negligence against defendant. The horse was received by defendant, with others, at Gallatin in good condition. He was shown to have remained uninjured until within a few miles of St. Louis, when he was found lying in the car on his back with one hind foot sticking through or between the slats of the car. These slats were shown to be from three to four inches apart. There is no question but what the primary cause of the injury to the horse was his getting his foot between the slats. Defendant's witnesses gave evidence tending strongly to show that the car was of standard make and that it was in first-class repair, and that the horse could not have gotten his foot between the slats as it was, except by a violent kick. On the other hand, the evidence for plaintiff tended to show that the car was old and much out of repair; though as to the *slats*, which, as before stated, *were the cause* of the injury, the evidence is slight; yet we have concluded to hold it sufficient, since it has resulted in a verdict which the trial court has, in its discretion, refused to set aside. Proof of negligence need not be by direct testimony. It may be inferred by the jury from facts and circumstances in evidence. Plaintiff himself testified that the car had been used so long that it was worn—that "it was a bad car, and that the slats were badly worn." He also stated that "the frame part was all right." But by this expression he evidently did not intend to say that the slats were in good condition, for the

expression immediately follows his statement that the slats were bad. Defendant's conductor testified that the slats were in good condition and were not broken where the horse's foot was fastened. He also stated that "it would have almost been impossible for the horse to have gotten his foot through the opening; it could only have been done by *violent force* as *kicking*." He further said that "I saw no evidence of this horse kicking; *I did not see any such marks on the slats*." The jury might very well infer from this statement that the horse's foot went between the slats without resistance. For, if the foot had been forced through from the vicious propensity of the horse in kicking, it would reasonably have left some mark. It is true the witness further stated that he had to saw or chip away a part of the slat in order to release the foot. But it will be readily seen that this might become necessary by reason of the horse's position in lying upon his back with his hind foot sticking out between the slats.

The carrier must furnish vehicles to safely carry on his business of transportation. His calling implies that he will do business for the public with reasonable safety and security to the property of those who patronize him. It is so much his duty to do so that public policy will not permit him to make a contract exonerating him for a failure to do so. *Potts v. Railroad*, 17 Mo. App. 394; *Brown v. Railroad*, 18 Mo. App. 568. "The utmost effect which can be given to a general notice, *or special contract*, although as broad and absolute in its terms as it can be, will not discharge a common carrier from liability for negligence, malfeasance, or want of ordinary care, either in the seaworthiness of the vessel, or her proper equipments and furniture; nor is it allowed to exempt the carrier from accountability for losses occasioned by a defect in a vehicle, or mode

of conveyance used in the transportation." *Welsh v. Railroad*, 10 Ohio St. 65.

In our opinion, granting the contract in evidence made with the Rock Island road would cover the shipment over defendant's road, it does not relieve defendant from the negligence which the jury have found in this case. The instruction given for plaintiff would ordinarily be too general in its terms as to the defective car. But as the evidence as to the injury went only to one defect as causing the injury, we think it was not erroneous as applied to the facts. We will affirm the judgment. All concur.