GRACE M. DOGGETT, Appellant, v. JULIA A. BLANKE, Respondent.

St. Louis Court of Appeals, April 20, 1897.

1. **Justices' Court:** PLEADING. The statement of a cause of action, or instrument filed, before a justice of the peace, should be sufficiently definite to advise the opposite party with what he is charged, and to bar another action.

2. **Trial De Novo**: STATEMENT OF COUNSEL TO JURY OF MATTERS NOT PLEADED. On a trial *de novo* in the circuit court, it was error to permit counsel for defendant, in his opening statement to the jury, to state, over plaintiff's objections, matters of offset, not filed or pleaded, and to introduce evidence of the same, and to state to the jury circumstances tending to show plaintiff was actuated by malice in bringing the suit.

3. **Instruction.** A charge which, in effect, told the jury that the sale of a dwelling house carried with it the sale of unexpired policies of insurance on the house, was without authority of law.

*Appeal from the St. Louis City Circuit Court.*—Hon. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*J. E. & J. F. Merryman* for appellant.

The court erred in permitting defendant's counsel in his opening statement to the jury to state that when plaintiff moved out of the house she carried away part of the building, and that plaintiff's cause of action was an offset to a claim of defendant against her. *Sherman v. Rockwood*, 26 Mo. App. 403.

Defendant having failed to file in the justice's court a counter-claim, the admission of evidence in the circuit court that plaintiff had carried away from the premises andirons, brackets, window shades and screens belonging to defendant, was error. R. S. 1889, sec. 6346.

The instruction given at the instance of defendant, which virtually told the jury that the sale of a house included all unexpired policies of insurance on the house, was misleading and erroneous. *Waddingham v. Hulett*, 92 Mo. 528,535.

The effect of a correct instruction ought not to be impaired by those of an opposite tendency. *Otto v. Bent*, 48 Mo. 23; *Buel v. Transfer Co.*, 45 *Id.* 562.

*Eber Peacock* for respondent.

If the counsel for plaintiff felt that any remarks of a misleading nature had been made, it was his privilege to ask an instruction covering the matter, which he did not do. *Ritter v. Bank*, 87 Mo. 574.

The account filed as the basis of the suit is not a statement of facts constituting a cause of action. It does not show any legal liability on the part of defendant, nor sufficiently advise defendant of the nature of the charge against her. Neither does it show any consideration, and is a *nudum pactum*. *Butts v. Phelps*, 79 Mo. 302; *Hill v. Ore & Steel Co.*, 90 *Id.* 103; *Butts Phelps*, 90 *Id.* 370; *Weese v. Brown*, 28 Mo. App. 521; *Smith v. Zimmerman*, 29 *Id.* 249.

BLAND, P. J.—Suit begun before a justice of the peace upon the following statement of account:

"J. A. Blanke, Dr. to Mrs. Grace M. Doggett.

To amount assumed and promised to pay:

| | |
|---|---|
| Policy No. 325,265.. ................. .. ...........$ | 10.50 |
| Policy No. 3,651 .. ... ........................... | 10.50 |
| Policy No. 8,700........... ...................... . | 14.00 |
| Policy No. 6,002............................: ........ ......... . | 17.50 |
| Water License....................... ................... | 10.00  $62.50." |

Judgment before the justice was recovered by the plaintiff, from which defendant appealed to the circuit court, where upon a trial *de novo* he recovered judgment, from which the plaintiff Doggett duly appealed to this court.

The respondent contends here that the account filed before the justice fails to state any cause of action.

JUSTICE'S court: pleading. The statute, section 6138, Revised Statutes of 1889, does not require any formal pleadings before a justice of the peace by either party, but it does require that a statement of the account, or the facts constituting the cause of action,

shall be filed before any process shall issue in any suit not founded upon a written instrument, filed with the justice as the foundation of the suit. It has been uniformly held by this and the supreme court, that a statement of a cause of action, or account filed before a justice of the peace, should be sufficiently definite to advise the opposite party with what he is charged and to bar another action. *Dahlgreen v. Yocum*, 44 Mo. App. 277; *Leas v. Pacific Express Co.*, 45 Mo. App. 598; *Bauer v. Barnett*, 46 Mo. App. 654; *Haynes v. Wabash R'y Co.*, 54 Mo. App. 582; *Wilkinson v. Metropolitan Ins. Co.*, 54 Mo. App. 661; *Inhabitants of the Town of Butler v. Robinson*, 75 Mo. 195. The account filed in this case fails to come up to these requirements, but there is sufficient stated to admit of amendment under section 6347, Revised Statutes 1889, and as this case must be sent back for retrial, plaintiff should be permitted to amend her account, if she is so advised. *Heman v. Fanning*, 33 Mo. App. 50; *Lustig v. Cohen*, 44 Mo. App. 271; *Lamb v. Burk*, 49 Mo. App. 337; *Butts v. Phelps*, 79 Mo. 302; *'Dawdy v. Wamble*, 110 Mo. 280. On the trial the defendant's counsel in his opening statement, over the objections of the plaintiff, was permitted to state to the jury matters of offset, when no offset had been filed or pleaded, and to state to the jury circumstances tending to show that plaintiff was actuated by malice in the institution of her suit.

TRIAL de novo: statement of counsel to jury of matters not pleaded.

And on the trial defendant's counsel over the objection of plaintiff's counsel was permitted to introduce evidence tending to prove an off-set or counter-claim in defendant's favor. From the history of the case as furnished by the transcript, the trial court seems to have lost sight of the issues involved, by the insistence and persistence of respondent's counsel to prove an unpleaded off-set. The instruction given for the

respondent in effect told the jury that a sale of a dwelling house carried with it the sale of all unexpired insurance policies against loss by fire, on the house. Such is not the law. Judgment reversed and cause remanded. All concur.