EWING C. KETCHUM &c., Respondent, *vs.* THE AMERICAN
MERCHANTS UNION EXPRESS COMPANY, Appellant.

1. *Common carriers—Liability—Special contract—Negligence.*—A common carrier
by a special contract can limit his common law liability, but cannot exempt
himself from the consequences of his own negligence.
2. *Common carriers — Breakage—Negligence — Prima facie case.*—Proof of
breakage of goods in the hands of the common carrier makes a *prima facie* case
of negligence against him, and the burden of proof is thrown on him to show
due care and vigilance.

*Appeal from St. Louis Circuit Court.*

*Daniel Dillon,* for Appellant.

I. Under the special contract defendant was not a common
carrier as to this glass, but a private carrier for hire and res-
ponsible according to the terms of his contract. (Angell on
Carriers, 54; Sunderland *vs.* Westcott, 2 Sweeny, [N. Y.,]
260; Dorr *vs.* N. J. Steam Nav. Co., 11 N. Y., 485; Meyer
*vs.* Harnden's Exp. Co., 24 How. Pr., 290; Moore *vs.* Evans,
14 Barb., 529; French *vs.* Buff., N. Y. & E. R. R., 4 Keyes,
119; Nelson *vs.* H. R. R. R., 48 N. Y., 498; N. J. Steam
Nav. Co. *vs.* Mer. B'k., 6 How., [U. S.] 382; York Co. *vs.*
Central R. R., 3 Wall., 107; Farnham *vs.* C. & A. R. R., 55
Pa. St., 53; Colton *vs.* C. & P. R. R., 67 Pa. St., 211; Squire
*vs.* N. Y. C. R. R., 98 Mass., 236; Groce *vs.* Adams, 100 Mass.,
505; Lawrence *vs.* N. Y. P. & B. R. R., 36 Conn., 63; Wal-
lace *vs.* Matthews, 39 Georgia, 617; Balt. & O. R. R. *vs.*
Rathbone, 1 West V., 87; The Penin & O. Steam N. Co. *vs.*
Shand, 3 Moore, Privy Council cases 272, New Series.)

II. A common carrier receiving goods under a special con-
tract of this kind is liable for loss arising from his negligence
only, and the burden of proof is on the owner to prove negli-
gence. (Angell on Carriers, §§ 276, 473; Story on Bailments,
573; 2 Greenleaf, Ev. § 218; Bankord *vs.* Balt. & O. R. R.,
34 Maryland, 197; Smith & M. *vs.* N. C. R. R., 64 North Car.,
235; Sager *vs.* P. S. & P. R. R., 31 Me., 228; Adams Exp.
Co., *vs.* Loeb & B., 7 Bush [Ky.] 499; Moore *vs.* Evans, 14
Barb., 524; French *vs.* B. N. Y. & E. R. R., 4 Keyes, 119;
N. J. S. Nav. Co., *vs.* Mer. B'k., 6 How., U. S., 384; Clarke

vs. Barnwell, 12 How., U. S., 280; Trans. Co. vs. Downer, 11 Wall., 129; Farnham vs. C. & A. R. R., 55 Pa. St., 53; Colton vs. C. & P. R. R., 67 Pa. St., 211; The Neptune, 6 Blatchf., 193; The Cleveland, 1 Newberry's Ad. R., 221; Ill. Cent. R. R. vs. Morrison, 19 Ill., 136; The Penin & O. S. N. Co. vs. Shand, 3 Moore. Privy Council, 272 New Series, 1865.)

*William F. Causey,* for Respondent.

I. A common carrier cannot exempt himself from losses caused by a neglect of that degree of care which the law casts upon him in his character of bailee. (Levering *et al.* vs. Union Transportation Co., 42 Mo., 88; Wolff vs. The American Express Co., 43 Mo., 421; Steele & Burgess vs. Townsend, 37 Ala. 247; Hill vs. Sturgeon & Rawlings, 28 Mo., 323; Davidson vs. Graham, 2 Ohio St. R., 131; Graham & Co. vs. Davis & Co., 4 Ohio St. R., 362; Michael vs. N. Y. Central R. R. Co., 30 New York, 564; School District in Midfield vs. Boston, Hartford & Erie R. R. Co., 102 Mass., 552; Penn. R. R. Co., vs. Butler, 57 Penn., 335.)

II. The law raises an absolute and conclusive presumption of negligence, whenever the loss occurs from any other cause than the "Act of God or the Public Enemy." (Wolf vs. The American Express Co., 43 Mo., 421. Also the Authorities above cited.)

III. The Burden of Proof is on the defendant to show that the goods were not damaged by reason of any want of care, skill and diligence on the part of the defendant or its employees. And further, where there is a special Contract limiting the carriers' responsibility, the *onus* of showing not only the cause of the loss was within the terms of the exception, but also that there was no negligence, rests upon defendant. (Steele & Burgess vs. Townsend, 37 Alabama,247; 2 Greenleaf §§ 219, 222; (Before cited,) 42 Mo., 88; Whiteside vs. Russell, 8 Watts & Sergeant 44; Parsons Contracts Vol. I, Third Edition pp. 692-3-4-5; Caldwell vs. The N. Jersey Steamboat Co., 47 N. Y. 282 Burnell vs. N. Y. Central R. R. Co. 45 N. Y. 185.)

EWING, Judge, delivered the opinion of the court.

The petition alleged, that the defendant on the 7th day of June, 1870, was a common carrier, carrying goods, etc., from New York to St. Louis, and that on that day plaintiff delivered to defendant at the city of New York two boxes of plate glass to be safely and securely carried by defendant, as a common carrier, from New York to St. Louis, and there safely and securely delivered to plaintiff, for a reasonable reward, and that defendant not regarding its duty as a common carrier did not safely and securely carry the glass from New York to St. Louis, and did not safely and securely deliver it to plaintiff, but so negligently and carelessly acted in the premises, that by the negligence and carelessness and default of defendant the glass was broken to the damage of plaintiff, in $1500.

The answer denied the material allegations of the petition, and set up a further defense, substantially as follows; that by the bill of lading given when the goods were delivered to defendant for carriage, it was agreed between plaintiff and defendant that the glass was to be carried at owner's risk, and also, that by special contract executed by plaintiff and defendant at the same time, plaintiff for the consideration of one dollar and the further consideration, that defendant would carry the glass at usual tariff rates and without extra charge, released defendant for all loss or damage to the glass, while being carried from New York to St. Louis, and while in defendant's possession or care, and agreed to indemnify defendant against any claim made by any consignee of the glass for damage to the same while being transported and in defendant's possession or charge.

The replication denied the new matter set up in the answer.

At the trial a jury was waived, and an agreed statement of facts filed, which stated that at the time the glass was delivered to defendant in New York, plaintiff and defendant by their respective agents entered into and executed a special contract in reference to the carrying of this glass, which contract was filed and made a part of the agreed statement of facts; and at the same time defendant delivered the plaintiff the bill of lad-

ing filed and made a part of the agreed statement of facts; that the word "released" on said bill of lading means, that it was given and accepted by plaintiff subject to the terms of said contract; that the bulk of said boxes rendered it necessary, that they should be shipped in an open car, and they were transported in such cars; that the glass was transported from New York to East St. Louis by the usual and customary route, and and by the usual and customary means for transporting such freight, and was delivered to plaintiff at St. Louis on the 22nd day of June, 1870, and that plaintiff at the time the glass was delivered to him receipted for the same in good order as appeared by his receipts, which were filed and made a part of the agreed statement of facts, the legal effect of which was to be determined by the court; that defendant is usually engaged in the business of a common carrier and so is in this instance, unless stripped of that character by said contract and bill of lading. Then followed this clause in the agreed statement of facts; " In reference to all points not covered by the agreed statement of facts, either party is at liberty to introduce evidence at the hearing of this cause.".

The special contract alluded to states in substance, that in consideration of one dollar and that defendant would carry the glass at the usual tariff rates and without extra charge, that plaintiff released the defendant for all loss or damage to the glass, while being carried from New York to St. Louis and while in defendant's possession, and plaintiff agreed to indemnify and save harmless the defendant from all claims made by any consignee of said glass for loss or damage to the same while in defendant's possession or charge; the bill of lading stated that all glass was carried at owner's risk; the receipts given by the plaintiff for glass, when he received it from defendant in St. Louis state that plaintiff received the glass from defendant in good order.

At the trial plaintiff offered evidence to prove that the glass was broken when received by plaintiff from defendant; defendant objected to this evidence, on the ground that the point in reference to the condition of the glass when delivered by defen-

dant to plaintiff was covered by the agreed statement of facts, and consequently not open for further evidence; the court admitted the evidence, and defendant duly excepted; the evidence showed, that one box of glass was broken, when it was delivered to plaintiff; that there was an indentation in the box, such as would be caused by coming in contact with some sharp corner or object, and that the glass was shivered in all directions from that point.

Defendant then proved, that the glass was loaded on defendant's wagons at East St. Louis, and carried thence to plaintiff's store with the greatest care and diligence, and that plaintiff himself took charge of the unloading of it from defendant's wagons.

At the close of the evidence defendant asked an instruction, that upon the pleadings and evidence plaintiff could not recover, which instruction in the court gave, and plaintiff excepted.

The court at special term gave judgment in favor of defendant; from this judgment an appeal was taken to general term, where the judgment of special term was reversed, and the cause remanded, and from this judgment defendant appealed to this court.

1. It is insisted by the appellant, that any evidence as to condition of the glass, when delivered to plaintiff at St. Louis, was inadmissible under the agreed statement of facts. The agreement contained a stipulation which says: "In reference to all points not covered by the agreed statement of facts, either party is at liberty to introduce evidence at the hearing of the causes."

It was also agreed, that the legal effect of the receipts, among other papers, should be determined by the court. The receipts showing *prima facie* that the glass was in good order, when delivered to plaintiff, the agreement to submit the case for decision upon the facts would have been a vain and useless thing, unless evidence was admissible to show the *actual* condition of the goods. This was the "point" as to which, either party was at liberty to introduce evidence and which was *not* " cov-

ered" by the agreed statement. As the plaintiff admitted that it was received in good order as appeared by the receipts, why have the courts to pass upon their legal effect, if no other testimony was admissible on this point?

2. It is urged that as the petition alleged a cause of action against the defendant as a common carrier on a general contract of affreightment, the evidence proved a special contract, which was at variance. The parties agreed to submit to the court the legal effect of this special contract with other exhibits. There is, it is true, no reference to this contract in the petition. The answer however traverses all the allegations of the petition, and sets out the contract; plaintiff replies denying that they entered into any such contract. After the issues were thus made up the parties agreed in effect, that the court might pass upon the contract the same as it might have done had the contract been referred to by plaintiff in his petition, (if indeed this was necessary) and read without objection at the trial. The agreement obviously means, that the court should determine the legal effect of the instrument for all the purposes of a trial of the case upon its merits. The question was, whether the special contract discharged the defendant as a common carrier from liability for loss or injury to the goods, or only limited or qualified it, and if so, to what extent.

3. It is well settled, that a common carrier may limit his common law liability by a special contract with the shipper. And it is equally well settled, that such special contract cannot be pleaded by the carrier as an exemption from liability for any loss or damage resulting from his own negligence. The only remaining question then is as to the burden of proof. The bill of lading in the case at bar contained a stipulation, that "glass (among other things therein mentioned) will be taken only at owner's risk." The special freight contract contained a stipulation to the effect that the defendant and the railroad connected therewith "are released from liability for breakage of all kinds of glass," &c.

Proof of injury to the goods by breakage nevertheless made out a *prima facie* case of negligence against the defendant,

and the *onus* was on it to show the exercise of due care and vigilance on its part to prevent the injury.

. The question was expressly decided in the cases of Levering, *et al.*, vs. The Union Transportation Co., 42 Mo., 88, and Wolff vs. The American Express Co., 43 Mo., 421.　See also, Steele & Burgess vs. Townsend, 37 Ala., 247 ; Baker vs.·Bronson, 9 Richardson, L., 201 ; Davidson vs. Graham, 2 Ohio St., 131 ; Graham & Co. vs. Davis & Co., 4 Ohio St., 363.

Judgment at general term affirmed. The other Judges(except Judge Wagner who is absent) concur.