TOWNSEND & WYATT DRY GOODS COMPANY, Appellant, v. UNITED STATES EXPRESS COMPANY, Respondent.

Kansas City Court of Appeals, November 16, 1908.

COMMON CARRIERS: Express: Valuation Receipt: New York Law. When a shipper by express puts a value on the article shipped and thereby secured a lower rate he cannot upon the loss of the article recover for a greater value; and this is applied to a New York contract under the decisions of that State.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman*, Judge.

AFFIRMED.

*Spencer & Landis* for appellant.

(1) The law is well settled in this State and in New York that a common carrier cannot limit its common law liability, for its negligence, in whole or in part, by contract, unless fairly entered into, made in clear terms, about which there can be no misunderstanding, and for a sufficient consideration. Conover v. Express Co., 40 Mo. App. 31; Powder Mfg. Co. v. Railroad, 101 Mo. App. 453; Myers v. Railroad, 120 Mo. App. 297; Ward v. Railroad, 158 Mo. 226. (2) But when the consideration relied on is a reduction of freight rates for the release or partial release of common law liability, the contract must either expressly state that a reduction of freight rates is being made, or the reduction of rates must be proven by the carrier and the carrier must also show by the certificate of the clerk of the interstate commerce commission that the carrier was authorized to make such reduced rates, which was not shown in this case. Ward v. Railroad, 158 Mo. 226; Myers v. Railroad, 120 Mo. App. 298; Powder Co. v. Railroad, 101 Mo. App. 454. (3) A contract made for a reduced rate by a carrier is void against the Interstate

Commerce Act. Ward v. Railroad, 158 Mo. 226; Schutte
v. Wier, decided June Term, 1908, Supreme Court of
New York. (4) Respondent takes the position that
the laws of New York should govern this case, but
the New York decisions are in perfect accord with the
decisions of our State above cited. Magnin v. Densmore,
56 N. Y. 168; Mynard v. Railroad, 71 N. Y. 185; Jen-
nings v. Railroad, 127 N. Y. 450; Marquis v. Wood,
61 N. Y. Suppl. 251, 6 Cyc., p. 398; Schutte v. Weir,
supra. (5) Unless there was a reduced rate made in
this case and one authorized by the Interstate Commerce
Commission, there is no consideration for a partial re-
lease of the common law liability, in the implied con-
tract shown in this case, and under the decisions of all
the courts, the contract is void for want of a considera-
tion. Express Co. v. Harris, 21 N. E. 340; Richardson
v. Railroad, 149 Mo. 311; Baughman v. Railroad, 94
Ky. 150.

*Culver & Phillip* for respondent.

(1) An agreement fixing the value of the property,
in case of loss or damage, if supported by a considera-
tion, will be upheld. Harvey v. Railroad, 74 Mo. 538;
Livery Co. v. Railroad, 113 Mo. App. 154; Kellerman v.
Railroad, 136 Mo. 177; Ward v. Railroad, 158 Mo. 226;
Elliott on Railroads. (2) The law in New York where
this contract of shipment was made is that the amount
of recovery in exactly such cases is limited to $50.
Zimmer v. Railroad, 137 N. Y. 460; Maguin v. Densmore,
62 N. Y. 35, 70 N. Y. 410; Bates v. Weir, 105 N. Y.
Sup. 785, 121 App., Div. 275. (3) Appellant having
at the trial made an objection to the character or com-
petency of the proof offered by respondent to show the
rates charged by the express company must be held to
have waived such objection. Singer M'fg. Co. v. Steph-
ens, 169 Mo. 1; Zimmerman v. Downey, 66 Mo. App.
106; Rogers v. Gage, 59 Mo. App. 107; Boyse v. Burt,
34 Mo. 74; St. Louis v. Annex Co., 175 Mo. 67.

BROADDUS, P. J.—This is a suit by plaintiff against the defendant as a common carrier to recover the value of certain goods lost in transportation. The facts are as follows: The plaintiff purchased goods of Johnson, Cowdin & Co. of the city of New York to be shipped to St. Joseph, Missouri. Johnson, Cowdin & Co. delivered the package containing the goods to the defendant company consigned to plaintiff at St. Joseph. Their agent, who had charge of its express business, made out a receipt for the goods which was signed by the agent of the defendant company. This receipt was made out on one of the blanks furnished by the defendant company for use of Johnson, Cowdin & Co. in making shipments. The form of the parts of the receipt necessary for the purposes of the case is as follows:

"UNITED STATES EXPRESS COMPANY.
*Read the conditions of this receipt.*
"Received of ..................... at New York, N. Y. Which we undertake to forward to the nearest point of destination reached by the company, subject expressly to the following conditions, namely ........
...................... nor in any case shall this company be held liable or responsible, nor shall any demand be made upon them beyond the sum of fifty dollars at which sum said property is hereby valued, unless the just and true value thereof is stated herein
............ ................. ............
"The liability of this company is limited to fifty dollars unless a greater value is stated in this receipt, and ceases on delivery of property to the nearest point of destination it can carry same ...................."

It was shown that if a greater valuation was placed upon goods to be carried that the rate for transportation was correspondingly greater.

The defendant gave in evidence the law of New York relating to the contract of shipment as interpreted

by the courts of that State. It was also shown that the value of the goods shipped had much to do with the care and attention given for their safe carriage and delivery.

The court, among other things, found: "That no fraud was alleged or proven on the part of plaintiff; that there is no question of reduced rate so-called in this case; that plaintiff had the choice to accept the rate based on the valuation of fifty dollars, or to state a greater valuation, and pay a higher rate, and elected to accept the rate based on a valuation of fifty dollars; and that under the law of the State of New York the receipt did not exempt the company from liability for the negligence which we assume occasioned the loss. . . . and nothing precluded plaintiff from recovering upon the negligence proven, but the amount of his recovery was limited by the contract to the sum of fifty dollars. The judgment of the court was for fifty dollars, from which plaintiff appealed.

The contract is to be construed as interpreted by the courts of the State of New York; that is, the law of the place of contract. In Bates v. Wier, 105 N. Y. Supp. l. c. 785, it is held: "Where a contract for the shipment of goods by express limits the carrier's liability to fifty dollars unless a greater value is stated by the shipper, in which case a higher rate is charged, the shipper is estopped from asserting that the goods are worth more than the sum stated." In Magnin v. Densmore, 70 N. Y. 410, the court held: "Where a carrier, by his contract, limits his liability to a specified amount, if goods of greater value are delivered for carriage, silence on the part of the shipper as to the real value, although there is no inquiry by the carrier, and no artifice to conceal the value or to deceive, discharges the carrier from liability for ordinary negligence to a larger amount." Where "A contract for the transportation of a horse by a railroad company recited that the company transported livestock at certain prices, "carrier's risk," and at reduced prices on

certain risks being assumed by the shipper, and then provided that in consideration of the company transporting one horse, valued at not exceeding $100, it was agreed that, in the event of loss, 'from causes which would make the carrier liable,' its liability should not exceed such valuation. Held, that the recovery of the shipper for the killing of the horse through the company's negligence, from liability for which the contract did not give exemption, was limited to the amount named in the contract." [Zimmer v. Railroad (N. Y.), 33 N. E. 692.]

On the contrary, we are cited to the following New York cases. In Mynard v. Railroad, 71 N. Y. 183, it is held; "Where by a contract of shipment of animals the carrier in consideration of a reduced rate was released from liability, 'from whatsoever cause arising,' held this did not include a loss arising from the carrier's own negligence." The reasoning of the court was that the defendant, as a common carrier, was absolutely liable for the safe carriage and delivery of property entrusted to its care, except for loss or injury occasioned by the acts of God or public enemies; that the obligation was imposed by law and not by contract. Here, liability is not denied, but the extent of such liability is in issue. We cannot see that the case has any application. In Schutte v. Wier, 111 N. Y. Sup. 240, the contract of shipment was as follows: "In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars, unless greater value is disclosed, the shipper agrees that the value of said property is not more than fifty dollars unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value stated nor for more than fifty dollars if no value is stated herein." It was held that the shipper could recover the full value of the goods shipped; that the stipulation that the carrier should not be liable

for more than $50 was invalid under the provisions of the amendment to the "Interstate Commerce Act of June 29, 1906." And it is further said that the carrier received the goods for transportation without any representation of the shipper as to value and issued its receipt limiting its liability to $50. The case is somewhat different from the one at bar, as the receipt in question does fix the value of the goods at $50, and the evidence showed that a higher rate obtained where the goods were of greater value.     Bates v. Wier, supra; Magnin v. Densmore, supra; Zimmer v. Railroad, supra, are not in conflict with Schutte v. Wier, supra, the contracts being different and the distinction being clear.

We believe it is entirely competent for a carrier to limit the amount of its liability for negligence where the shipper fixes a valuation upon the goods shipped and agrees that the carrier's liability shall not be in excess of such value, when it is shown that on goods of greater value a higher rate is exacted.  In such cases, it is not a question of reduced rate, but a classification of rates according to value.  In such cases, "A carrier may make reasonable regulations, graduating its compensation, and providing that, in case of failure of the shipper to declare the value as required, it shall be deemed not to exceed a certain sum." [Elliott on Railroads, sec. 1510.]

Further referring to the testimony, it appears that Johnson, Cowdin & Co., who shipped the goods as agent for plaintiff, were familiar with the defendant's rule for classification of rates according to value and, with such knowledge, fixed the valuation on the goods shipped to plaintiff.  It is common knowledge that shippers by express, as a rule, fix the value of their goods.  Suppose a man has shipped very valuable goods, but in order to get a lower rate greatly undervalues it, and the goods are lost, ought his claim for the actual value of the goods be allowed?  In the first place, his representation of value was a fraud upon the carrier and

made for the purpose of obtaining a lower rate of carriage. And so it is in every case where the real value of the goods is not given, but one of less value is represented in order to obtain the lesser charge for carriage. In such cases, the law is, or should be, that the shipper be held to abide by his contract. In cases where no value is given, the carrier assumes the risk and is liable for the actual value of the goods lost by his negligence. On the other hand, the shipper, who undervalues his goods for the purpose of availing himself of a lower rate assumes the risk in case of loss of the difference between their assumed and their real value. Such, we conclude, to be the law of the State of New York, *lex loci contractus*, and the law in every other jurisdiction.

For the reasons given, the cause is affirmed. All concur.