CARL VAN BUSKIRK, Respondent, v. QUINCY, OMAHA AND KANSAS CITY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 2, 1910.

1. COMMON CARRIERS: Contracts Limiting Liability. A shipping contract issued by a railroad company provided that horses worth $100 or less should be shipped at a certain rate, and horses valued at more than $100 should pay a larger rate. Such a contract did not afford a shipper a choice of two rates for shipping the same horse, and therefore a provision in the contract limiting the carrier's liability to $100 in case of damage to the horse was void for want of consideration.

2. ———: ———. An agreement in the shipping contract of a railroad company limiting the liability to an agreed valuation is valid if supported by a valid consideration, such as a reduced rate.

3. ———: ———: Express Companies. There are reasons for permitting an express company to classify its rates according to the value of the property shipped that do not apply to railroad companies.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for appellant.

The court erred in giving the plaintiff's 4th instruction. The law is that any carrier may, in consideration of a reduced rate or charge, limit the amount of its liability in case of loss in transportation. Rice v. Railway, 63 Mo. 314; Harvey v. Railroad, 74 Mo. 638; Kellerman v. Railroad, 136 Mo. 177; Railroad v. Cleary, 77 Mo. 634; George v. Railroad, 214 Mo. 551; Smith v. Railway, 112 Mo. App. 610; Keys-Marshall, etc., Co. v. Railroad, 113 Mo. App. 144; Hancock v. Railway, 131 Mo. App. 401; Townsend, etc., Co. v. Exp. Co., 133 Mo. App. 683; Mires v. Railroad, 134 Mo. App. 379.

*E. M. Harber, A. G. Knight, J. W. Bingham* and *E. R. Sheetz* for respondent.

To reduce liability the rate must be less than the regular rate. Ward v. Railway, 158 Mo. 226; 101 Live Stock Co. v. Railroad, 100 Mo. App. 675; Crow v. Railroad, 57 Mo. App. 135; Ficklin v. Railroad, 115 Mo. App. 637; Griffin v. Railway, 115 Mo. App. 555; Richardson v. Railway, 149 Mo. 324; Creel v. Railway, 137 Mo. App. 37.

JOHNSON, J.—This action is prosecuted against a common carrier by the shipper of certain race horses for injuries inflicted on the animals during their transportation. The case was here on a former appeal of defendant and was remanded for another trial on account of error in an instruction. (131 Mo. App. 357.) Reference is made to the opinion then delivered for a complete statement of the facts of the case. After the cause was remanded a change of venue was taken from Grundy county to Sullivan county and defendant filed an amended answer in which the issue first was raised that the provisions of the shipping contract precluded a recovery by plaintiff in excess of one hundred dollars for

each injured animal. On this issue, the court instructed the jury, at the request of plaintiff:

"Before the defendant can maintain its defense limiting its liability to the sum of one hundred dollars for each horse, if liable at all, the jury must find that plaintiff was in fact granted a rate less than that grant-- ed to all others for a like service between like points, and that plaintiff knowingly accepted such reduced rate and signed the contract of shipment, knowing that it was a reduced rate. And if the jury find from the evidence that the rate charged and collected was the usual and ordinary charge for like freight between the same points, then no consideration existed for that part of said contract limiting defendant's liability, if liable at all."

The issue of fact thus submitted was resolved in favor of plaintiff who was given a verdict of five hundred dollars on the first count and one hundred and twenty-five dollars on the second count. Judgment was entered for plaintiff in accordance with the verdict and again defendant appealed. The only questions now before us worthy of consideration are those relating to the new issues injected into the case by the amended answer. Facts relevant to that issue thus may be stated:

The written contract of affreightment recited "that for and in consideration of tariff per car . . . . the said railroad company agrees to transport 1 carload of horses . . . from Galt to Trenton . . . upon the following terms, viz.: That, whereas, the said first party (plaintiff) before delivering the said animals to said railroad company, demanded to be advised of the rate to be charged for the carriage of said animals, as aforesaid, and thereupon was offered by the said railroad company alternative rates proportioned to the value of the said animals, such value to be fixed and declared by the first party or his agent, and, whereas, such alternative rates are made in pursuance of the provisions relating thereto of the classification of freights

adopted as regulations by the said railroad company, and fully set forth as follows, to-wit: Live stock ratings given above are based upon declared valuation by shippers not exceeding the following: Each horse or pony . . . one hundred dollars. . . . When the declared value exceeds the above, an addition of 25 per cent will be made to the rate for each one hundred per cent, or fraction thereof, of additional 'declared valuation per head;' . . . whereas, the first party, in order to avail himself of said alternative rates, and to secure the benefits thereof, has declared . . . said animals to be of the value as follows, to-wit: Each one hundred dollars value, to which value the rate aforesaid is proportioned by the classifications and tariffs aforesaid." And it was provided that "in consideration of the premises and of the foregoing, it is expressly agreed that for all purposes connected with, resulting from, or in any manner growing out of this contract, and the transportation of the said animals pursuant thereto, the value of the said animals and of each thereof, shall in no case exceed the said valuation, . . . that in case of loss or damage to said animals, whether resulting from accident or negligence of said railroad company . . . in no case shall the said railroad company be liable in any manner in excess of the agreed valuation upon each animal lost or damaged."

This was the only form of live stock contract provided by defendant. Plaintiff testified that he signed the contract without knowledge of its contents and without knowing that the liability of the defendant was limited to one hundred dollars per head. The evidence of defendant tends to show that plaintiff did know of the provisions of the contract and was given the option of shipping at a higher valuation that that stated in the contract. It has been ruled a number of times in this State that an agreement in a shipping contract limiting the liability of the carrier to an agreed and stated valuation of the property is valid if supported by a valid

consideration such as a reduced rate.  In Harvey v. Railroad, 74 Mo. 538, the Supreme Court say:

"We do not regard a contract limiting a right of recovery to a sum expressly agreed upon by the parties as representing the true value of the property shipped, as a contract, in any degree exempting the carrier from the consequences of its own negligence.  Such a contract fairly entered into leaves the carrier responsible for its negligence, and simply fixes the rate of freight and liquidates the damages.  This we think it is competent for the carrier to do.  And where the reduced value is voluntarily fixed by the shipper, with a view of obtaining a low rate of freight, without any knowledge on the part of the carrier that the property was of greater value, it would be a fraud upon the carrier to permit the shipper to recover a greater sum than fixed by him. [Hart v. Penn. R. R. Co., 7 Fed. Rep. 630; Lawson on Carriers, section 20.]"

The St. Louis Court of Appeals thus expressed the rule in Mires v. Railroad, 134 Mo. App. l. c. 385:

"While it is true the policy of the law forbids a common carrier from contracting for exemption from liability on account of the negligence of it or its servants in transporting property, it is well settled that a contract supported by a sufficient consideration limiting the common law liability of the carrier to an agreed valuation, will be sustained.  The usual consideration in such cases is a reduced rate of freight.  It is said to be entirely proper for the carrier and shipper to agree upon such valuation and adjust the amount for which the carrier should respond with reference to the rate charged for carriage.  [Harvey v. Railroad, 74 Mo. 538; Hart v. Railway Co., 112 U. S. 331; Snider v. Adams Express Co., 63 Mo. 376; Ketchum v. Express Co., 52 Mo. 390; McFadden v. Railway Co., 92 Mo. 343; Railway v. Cleary, 77 Mo. 638; O'Bryan v. Kinney, 74 Mo. 125; Duvenick v. Railway, 57 Mo. App. 550; Cau v. Railway, 194 U. S. 427; Regan v. Railroad, 51 Mo. App. 665;

Conover v. Pacific Express Co., 40 Mo. App. 31; 5 Am. and Eng. Ency. Law (2 Ed.), 298 *et seq.*]"

But without a special consideration, such contractual limitation of common law liability will not be sustained. [McFadden v. Railway, 92 Mo. 343; Kellerman v. Railroad, 136 Mo. 177; Livery Co. v. Railroad, 113 Mo. App. 144; Hancock v. Railroad, 131 Mo. App. 401; Ficklin v. Railroad, 117 Mo. App. 221; George v. Railroad, 214 Mo. 551; Creel v. Railway, 137 Mo. App. 27.] In McFadden v. Railway, the Supreme Court held that "a stipulation in a written contract of shipment placing a limited valuation on the property shipped in case of its loss by the default of the carrier, when not made in consideration of special or reduced rates of shipment, is not binding on the shipper."

In Kellerman v. Railroad, this rule was reiterated and applied to a contract which cannot be distinguished in its essential features from the contract now under consideration.

In Livery Company v. Railroad, the St. Louis Court of Appeals say: "Contracts between a shipper and a common carrier fixing the value of the property shipped in order to liquidate the damages for which the carrier will be liable, if loss occurs through its negligence, have been upheld in this State. But to be valid, such contracts must rest on a consideration, of course, and be entered into by the shipper before or at the time the goods were delivered for transportation. For years the law was that a reduction of the freight rate was sufficient consideration for the shippers' agreement liquidating the damages to be paid."

Of like import were the decisions of this court in Hancock v. Railroad, and in Ficklin v. Railroad.

In the recent decision by the Supreme Court in George v. Railroad, the rule that a stipulation in a shipping contract limiting liability to the stated valuation of the property is void if not supported by the consideration of a reduced rate is unequivocally stated and ap-

plied. Tested by this rule, the agreement before us limiting defendant's liability to one hundred dollars per animal must be declared void for want of consideration. As in the Kellerman case, the contract does not recite a reduced rate nor attempt to state any consideration for the stipulation. So far as the contract or evidence discloses, there was but one rate of freight charged for the transportation of horses of the maximum value of one hundred dollars each and that rate was paid by plaintiff. The fact that the contract provided a higher rate on horses of a greater value would not authorize a comparison of such rates for the purpose of ascertaining whether or not the lower rate is a reduced rate. We held in Ficklin v. Railroad, supra, and later in Creel v. Railroad, supra, that where live stock is classified by the carrier according to value, the rate for one class cannot be regarded as a reduced rate merely because it is lower than the rate for another class.

We do not think this case is to be controlled by our decision in Dry Goods Company v. Express Company, 133 Mo. App. 683. There the transportation was undertaken by an express company and we think there are good reasons for permitting express companies to classify their rates according to the valuation of the property to be carried and to limit liability to the agreed valuation that do not apply to railroad companies. Such is the view expressed by the Supreme Court in the following excerpt from its opinion in the George case: "We do not feel called upon to go outside of our own books to consider cases relating to contracts of express companies, telegraph companies or the like, because whilst between such companies and railroad companies there are some points of resemblance, yet there are also points of difference. We are now dealing with a railroad company whose duty is to a large extent prescribed by our statute and we find ample authority in our decisions for the views herein expressed."

The judgment is affirmed. All concur.