## MOUNTAIN GROVE GROCERY COMPANY, Appellant, v. JOE ELLISON, Respondent.

Springfield Court of Appeals, December 6, 1922.

**SALES: When Delivery to Carrier, Delivery to Vendee.** Delivery to the carrier by the vendor is delivery to the vendee: (1) Where the vendee has designated the particular carrier as the one by which the goods are to be shipped; (2) where the carrier is not designated by the vendee, but the goods are delivered to the usual carrier employe to ship the goods between the two places which would be a constructive delivery to the vendee, such as would make him chargeable for the purchase price, although the goods should not be delivered by the carrier to him; (3) where no

carrier has been designated by the vendee to receive and forward the goods, but where a particular carrier has been employed in other similar cases by the usage of the parties to the transaction.

Appeal from Circuit Court of Douglas County.—*Hon. Fred Stewart*, Judge.

AFFIRMED.

*Jos. V. Pitts* for appellant.

(1) Where goods ordered from plaintiff by defendant, were delivered by plaintiff to a common carrier for transportation, such carrier being the usual one, and proper instructions being given, it was a constructive delivery to defendant. Graff v. Foster, 67 Mo. 512; Myers Bros. Drug Co. v. McMahan, 50 Mo. App. 18. On a shipment directly to the consignee, a delivery to the carrier, is a delivery to the consignee, etc. Hunter Bros. v. Stanley, 111 S. W. 869. (2) Improper assumption of facts by trial judge. The giving of an instruction which assumes the existence of evidence, which is not in the case, is grounds for new trial. Pim. v. St. Louis Transit Co., 108 Mo. App. 713; Flynn v. St. Louis Transit Co., 113 Mo. App. 185; Crow v. Houck's Mo. & A. Ry., 111 S. W. 583; Christian v. McDonnell, 127 Mo. App. 630; Dun v. Kansas City Rys, 204 S. W. 592; Hunt v. City of St. Louis, 278 Mo. 213. (a) An instruction unsupported by record evidence is erroneous. Kansas City C. C. Ry. & S. J. Ry. v. Crouch, 187 S. W. 127. (b) An instruction submitting issue with no evidence to support it is held erroneous. McElvin v. Dorroh, 204 S. W. 824; International Bank v. Enderlee, 133 Mo. App. 222. (c) An instruction must be sustained by Sufficient testimony of the facts on which it predicts its conclusion of law. Baker v. J. W. McMurray Contracting Co., 282 Mo. 685; Willis v. St. Jos. Light, H. & P. Co., 111 Mo. App. 580; Salee v. McMurray, 113 Mo. App. 253. (3) Where it is evident that the verdict is in disregard and con-

trary to the instructions, a new trial should be granted. Shohoney v. Quincy, 223 Mo. 649; Payne v. Chicago A. & R. Co., 129 Mo. 405.

*J. S. Clarke* for respondent.

A purchaser with general directions to ship would authorize a shipment in the usual way, and the carrier would become the agent of the purchaser; but such shipment must be through the usual channels, and such as are supposed to be in contemplation of purchaser. This rule is followed in Drug Co. v. McMahan, 50 Mo. App. 18; Lewis v. Imhof, 138 Mo. App. 370, 122 S. W. 329.

BRADLEY, J.—Plaintiff commenced this cause in a justice of the peace court to recover on account for some medicines and queensware. The cause was appealed to the circuit court, and there tried before the court without a jury, resulting in a finding and judgment for defendant. The motion for new trial was overruled, and plaintiff appealed.

The statement filed is in two counts. In the first count judgment is asked in the sum of $14.02, and in the second count judgment is asked for $33.41. The evidence pertaining to the first count shows that defendant ordered the medicine and that it arrived "bad order." He received a part of it, and testified that he paid for the part received, and at the direction of plaintiff shipped the remainder back to the Rego Chemical Company, Nashville, Tenn. The order for the medicine was in fact taken by Mr. Wood, salesman for the Rego Chemical Company, and plaintiff's salesman, J. H. Robinett, assisted in taking the order and approved it. The shipment was made by the chemical company direct to defendant, but the invoice was sent to plaintiff and the transaction considered as between plaintiff and defendant. The amount defendant paid on this order was

paid to plaintiff. The evidence appearing in the abstract on the first count is very meager. We -can scarcely appreciate the real contention. As stated defendant testified that he paid for a part of this medicine and at the direction of plaintiff shipped the remainder back. In a letter from plaintiff to defendant, plaintiff said: ''Please do not return the drugs to us, but return them to the Rego Chemical Company, Nashville, Tenn. Please send us the B. L. to cover the shipment.'' There is nothing here which calls for the disturbance of the judgment so far as concerns the first count, and we, therefore, affirm the judgment as to that count.

 . Plaintiff's salesman took the order for the queensware. This was shipped from some place in Ohio, just what place does not appear in the record. When the barrel of queensware arrived the barrel appeared to be somewhat damaged, but it could not be determined without inspection whether any of the contents were damaged. Defendant wanted the station agent to mark the shipment ''bad order,'' and the agent would not do that, but offered to permit defendant to make an inspection of the contents, and ascertain what was damaged if anything, and make notation of such damage. Defendant's store was ten miles from the station, and he was afraid he could not repack the contents to stand this haul, so he refused to inspect, and did not accept the goods. Plaintiff's salesman, Robinett, testified that defendant made the selection of the queensware from a catalog. That this catalog contained at the foot of each page: ''F. O. B. Ohio Factory. No Package charge. No freight allowance.'' And that defendant knew that the shipment would be made from the Ohio factory. Defendant denies seeing any catalog, and was corroborated in that respect by his wife who was a witness. Defendant testified that he thought the shipments would be made by plaintiff from Mountain Grove, Missouri, the home of plaintiff. Plaintiff proceeded on the theory that when the shipment was delivered to a common carrier

that such delivery was delivery to the consignee, and that even though the goods arrived in a damaged condition that such fact would not justify defendant in refusing to accept them, but that his remedy would be against the carrier. For plaintiff the court declared the law to be, "that where goods ordered by defendant and from plaintiff or through, plaintiff, and were delivered by plaintiff or its agents to the common carrier for transportation such carrier being the usual one and proper instructions being given, it was constructive delivery to the defendant. And if you find in this case that plaintiff delivered or caused to be delivered the goods in question to the usual common carrier for defendant that that delivery to the common carrier was equal to delivery to defendant, and if any damages resulted to the shipment or shipments that that matter constitutes a matter of claim by defendant against the common carrier and is not a matter of defense to this claim." A second declaration for plaintiff was similar to the first, but omitted the usual common carrier phrase, and declared that delivery to the common, carrier was delivery to the consignee and that a damaged condition was no defense. It is difficult to tell whether these declarations were meant to cover the second count only or whether they were intended to cover both counts.

For defendant the court declared the law as follows: "That although you may find and believe from the evidence that the defendant purchased the goods in question and promised to pay therefor in the sum of $33.41 still if you further find from the evidence that the plaintiff's chief office and business is at Mountain Grove, Missouri, and that the defendant understood in the purchase of said goods same were to be shipped from Mountain Grove, Missouri, and if you further find that the plaintiff after securing an order for goods of defendant sent its order to an Ohio factory and there had said order filled, and shipped from that place to defendant at Ava, they were in bad condition; then in such case

the delivery of such goods to the common carrier at Ohio factory was deliverey to plaintiff and to defendant; and said defendant was not bound to receive said goods and pay therefor, and your verdict shall be for the defendant.''

Was delivery to the carrier, under the facts here, delivery to defendant? Such is the question for solution. Delivery to the carrier by the vendor is delivery to the vendee: (1) Where the vendee has designated the particular carrier as the one by which the goods are to be shipped; (2) where the carrier is not designated by the vendee, but the goods are delivered to the usual carrier employed to ship the goods between the two places which would be a constructive delivery to the vendee, such as would make him chargeable for the purchase price although the goods should not be delivered by the carrier to him; (3) where no carrier has been designated by the vendee to receive and forward the goods, but where a particular carrier has been employed in other similar cases by the usage of the parties to the transaction. [Meyer Bros. Drug Company v. McMahan, 50 Mo. App. 18.] In the case at bar defendant did not designate the carrier. There is no evidence that the goods were delivered to the usual carrier, nor is there any evidence that the goods were delivered to a carrier employed in other similar cases by the usage of the parties. It is ruled in Meyer Bros. Drug Co. v. McMahan, supra, in considering the second proposition that there must be evidence that the carrier to which the goods were delivered was the usual carrier, that the courts cannot judicially know such fact. Defendant's store is ten miles from any railroad. His shipping point is Ava. Plaintiff's home is at Mountain Grove, Mo. We learn from the evidence of C. O. Davis that he was station agent of the Ozark Southern at Ava, and that he had in his possession the barrel of queensware. But it is not shown that the Ozark Southern was the usual carrier between the point of origin and desti-

nation. In-fact no carrier is mentioned except the Ozark Southern. It appears that defendant has made previous orders from plaintiff but no carrier is mentioned. It was explained in oral argument that plaintiff has its home offce and place of business at Mountain Grove on the St. Louis-San Francisco Railway Company, and that a shipment originating from Mountain Grove destined for Ava, would go over the Frisco from Mountain Grove to Mansfield, and from Mansfield over the Ozark Southern to Ava. But the shipment did not originate at Mountain Grove, and the explanation in oral argument is not a part of the record.

The rules announced in Meyer Bros. Drug Co. v. McMahan, supra, are again approved in Lewis v. Imhoff, 138 Mo. App. 370, 122 S. W. 329. There is no question about the law, and the facts here do not bring the shipment in question under either of the three rules announced in the Meyer Bros. Drug Case. Plaintiff as stated proceeded on the theory that delivery to a carrier was delivery to the defendant. This is not always the case as we have seen. We are not approving the declarations of law appearing in the record, but we might say in passing that plaintiff fared well when it is considered that the record is silent as to carriers, usual carrier, delivery, etc. We merely refuse to disturb the finding under the facts as they appear. The judgment on the second count should be affirmed and it is so ordered. *Cox, P. J.* and *Farrington, J.,* concur.