DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF UNION.

JOSEPH SEMLER AND BERT GAIMS, CO-PARTNERS, DBA
JOSEPH SEMLER, PLAINTIFFS, v. AGNES M.
SCHMICKER, T/A LA MODE MILLS, A CORPORATION,
DEFENDANT.

Decided August 19, 1944.

For the plaintiffs, *Jacob L. Nydick.*

For the defendant, *Peter L. Hughes, Jr.*

FULOP, D. C. J.    Defendant ordered thirty dozens of "pan-
tys" from plaintiffs in New York to be shipped to defendant
in Rahway.    The price of the goods was $412.50.    The sale

was on short credit, defendant to pay immediately on receipt of the goods.

The goods were sold by sample and description. Plaintiffs packed the goods ordered and shipped them by railway express, making no declaration of value in excess of $50 and providing no insurance. The goods were lost in transit.

Defendant disclaimed any interest in recovery from the express company. Plaintiffs thereupon collected $50, the limit of the carrier's liability, credited this amount to defendant's account, and here sue for the difference.

Plaintiffs' proof was uncontradicted that the goods shipped were in strict conformity with the sample and description of the goods ordered. Defendant testified that she expected to pay the shipping charges.

One of the plaintiffs testified that he told the defendant that the goods would be shipped by rail or railway express and would be insured for $50 and that defendant said that would be satisfactory. Defendant emphatically denied any such conversation and denied that there was any discussion as to the method of shipping or insurance coverage. They had not had any previous dealings and defendant says she had no knowledge of the plaintiffs' custom of shipping with no insurance coverage beyond the $50 limit of the carrier's liability.

The sale was made in New York and should be governed by the law of that state.

Where a transaction is governed by foreign law and that law is not pleaded and proved, the presumption is that the law of the foreign jurisdiction is the same as the common law of New Jersey. New Jersey statutory provisions are not applicable.

Neither side has pleaded or proved New York law. Both counsel cite and rely upon the provisions of the New Jersey Uniform Sale of Goods Law (*R. S.* 46:30; *N. J. S. A.* 46:30).

However, our statute, the New York Personal Property Law, and the common law all seem to lead to the same result.

In *Miller* v. *Harvey* (1917), 221 *N. Y.* 54; 116 *N. E. Rep.* 781; *L. R. A.* 1917F 559, the New York Court of Appeals in an opinion by Judge Cardozo held:

"The plaintiff sold to the defendant in the City of New York automobile tires which were to be sent by express to Allenhurst, New Jersey. The price, $95.43, was paid by the defendant in advance. The seller intrusted the tires to an express company without declaring their value. The waybill states that the value was asked and not given. By the contract of carriage the liability of the carrier was limited to $50, unless a greater value was 'declared and paid for or agreed to be paid for at the time of shipment.' The tires were lost in transit. The defendant notified the plaintiff of the loss and requested a duplicate shipment, which was made. The question to be determined is whether payment must be made again.

"The general rule is that delivery to a carrier is delivery to the buyer. Sales of Goods Act, section 127, subdivision 1; Personal Property Law, as amended by laws 1911, chapter 571, Consol. Laws, chapter 41. But the rule has its exception. Sales of Goods Act, section 100, rule 5; section 127, subdivisions 2 and 3. Only one of them will be considered. By section 127, subdivision 2, of the Sales of Goods Act, it is provided: 'Unless otherwise authorized by the buyer, the seller must make such contract with the carrier on behalf of the buyer as may be reasonable, having regard to the nature of the goods and the other circumstances of the case. If the seller omit so to do, and the goods are lost or damaged in course of transit, the buyer may decline to treat the delivery to the carrier as a delivery to himself, or may hold the seller responsible in damages.'

"The statute is declaratory of the rule at common law. The seller must not sacrifice the buyer's right to claim indemnity from the carrier. That rule was declared more than a century ago in *Clarke* v. *Hutchins,* 14 *East* 475; 104 *Eng. Reprint* 683. In that case the carrier gave notice that it would not be answerable for any packages above five pounds without special entry of value. The seller omitted the entry and was held to have assumed the risk. A more modern instance is a recent decision of the Supreme Court of the United States. *Reid* v. *Fargo,* 241 *U. S.* 544; 36 *S. Ct.* 712; 60 *L. Ed.* 1156. An agent delivered an automobile to a

carrier and accepted a bill of lading by which liability was limited to $100. The acceptance of such a limitation was held to be a breach of duty. There are other cases of like tenor. *Buckman* v. *Levi*, 3 *Campb*. 414; *Stafford* v. *Walter*, 67 *Ill*. 83; *Lewis* v. *Imhof*, 138 *Mo. App*. 370; 122 *S. W. Rep*. 329; *Gordon* v. *Ward*, 16 *Mich*. 360. To the same effect are the leading textbooks. *Williston, Sales*, §§ 278, 595; *Benjamin, Sales* (5th ed.) 739; 2 *Mecham, Sales*, 1183; *Burdick, Sales*, § 694.

"Tested by these principles, the plaintiff's case must fail. He limited the carrier's liability to $50. He sacrificed the defendant's right of indemnity to the extent of almost one half of the value of shipment. He did this when full indemnity could have been procured by an additional payment of ten cents. That was not a reasonable protection of the interests of his principal. The plaintiff's argument, if sound, would require us to hold that the acceptance of a like limitation would be reasonable if the value had been $1,000. Precedent and reason forbid that conclusion. The seller who puts the buyer at the mercy of the carrier must procure the buyer's approval, or assume the risk himself."

*N. J. S. A.* 46:30–25 and 46:30–52 contain the same provisions as the New York statute referred to by Judge Cardozo. The quoted case is exactly in point and the law applicable to the case at bar cannot be better stated.

The fact that the merchandise was paid for in cash in advance in the quoted case, while it was to be paid for after delivery in this case, is not material.

The only remaining question is whether plaintiffs did, in fact, obtain defendant's assent to the unfavorable contract with the carrier. No doubt it would have cost a few cents more to insure the merchandise for its full value. But this charge did not matter to plaintiffs, since defendant was to pay the shipping charges. Plaintiffs' counsel argues from this that plaintiffs' version of the facts should be believed. It seems to me to lead to the opposite conclusion.

Plaintiffs' story necessarily presupposes a consciousness on their part of their responsibility for making a proper shipping agreement with the carrier. In effect, they say they made

a careful effort to avoid liability and to put the burden on defendant. But the simplest and easiest way to avoid liability would have been to arrange for sufficient insurance and let defendant pay for it.

There is no indication that defendant asked plaintiffs to keep down the shipping charges. Why should plaintiffs have been so much concerned with saving a few cents for defendant, as to get her express consent to take the risk of losing $362.50?

It would have been a simple matter for plaintiffs to note the shipping instructions on the memorandum of the order which was in fact made in writing. This was not done.

Plaintiffs say they always ship without insurance. If so, they might have protected themselves by using order forms with printed shipping instructions.

The burden of proof is on the plaintiffs. They have not satisfied me by the preponderance of the credible evidence that defendant assented to the unreasonable shipping contract.

Therefore, defendant may treat the delivery to the carrier as no delivery to her and she is not liable.

Judgment will be entered in favor of the defendant.